# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BLAKE GRAMLING,
                   Appellant,

           v.

DEPARTMENT OF THE INTERIOR,
                   Agency.

DOCKET NUMBER
DC-315H-15-0375-I-1

DATE: June 9, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Norman Jackman, Esquire, Cambridge, Massachusetts, for the appellant.

Josh C. Hildreth, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant was terminated for misconduct during his probationary period. Initial Appeal File (IAF), Tab 6 at 11-14. He filed this Board appeal in which he alleged that his termination constituted marital status discrimination because the alleged misconduct for which the agency terminated him was mere flirting, which is "what most people do who are not married." IAF, Tab 1 at 7. He also stated that, because his supervisor was married, she was not familiar with the way single people normally flirt and therefore took action against him. *Id*. He requested a hearing. *Id.* at 3. The administrative judge ordered the appellant to file evidence or argument to establish why his appeal should not be dismissed for lack of jurisdiction. IAF, Tab 2. In response, the appellant reiterated the same arguments from his initial appeal. IAF, Tab 4.

¶3 The administrative judge dismissed the appeal for lack of jurisdiction without holding the requested hearing. IAF, Tab 7, Initial Decision (ID) at 3. Specifically, he found that the appellant failed to establish a nonfrivolous claim of marital status discrimination because there was no indication that the appellant's marital status would have affected the agency's decision to terminate

him for making inappropriate comments to a coworker.[2]  ID at 4.  In his timely petition for review, the appellant asserts that the administrative judge erred in dismissing the appeal for lack of jurisdiction merely because he "did not like" the basis of the appellant's nonfrivolous allegation of jurisdiction and that the administrative judge actually decided the case on the merits despite finding that the Board lacked jurisdiction.[3]  Petition for Review (PFR) File, Tab 1 at 5. Therefore, the appellant states that the appeal should be remanded.[4]  *Id*.  The agency has filed a response in opposition to the petition for review.  PFR File, Tab 4.

¶4        We find that the administrative judge correctly dismissed the appeal for lack of jurisdiction without holding a jurisdictional hearing.  A probationary employee has no statutory right of appeal to the Board.  *See* 5 U.S.C. § 7511(a). Such an employee has a regulatory right of appeal to the Board, however, if he makes a nonfrivolous allegation that he was terminated due to discrimination based on marital status.  5 C.F.R. § 315.806(b).  The appellant has the burden of

---

[2] The administrative judge found that the Board does not have jurisdiction to decide the appellant's claim that he was terminated because of his disability.  ID at 3 n.1; *see* IAF, Tab 4 at 4-5.  We agree because, absent an otherwise appealable action, the Board does not have jurisdiction over discrimination claims.  *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).  To the extent that the appellant also asserted that his termination violated the First Amendment, IAF, Tab 4 at 4, the Board has no jurisdiction to review such constitutional claims absent an otherwise appealable action, *Smith v. Department of Defense*, 106 M.S.P.R. 228, ¶ 13 (2007).

[3] On review, the appellant attaches a previous response to the agency's allegations of misconduct.  PFR File, Tab 1 at 7-8.  The response was already contained in the agency's submission.  IAF, Tab 6 at 15-16.  Therefore, the evidence is not new and does not provide a basis for disturbing the initial decision.  *See* 5 C.F.R. § 1201.115(d).

[4] The appellant states that his appeal should be remanded to a different administrative judge as the current administrative judge has already expressed his opinion.  PFR File, Tab 1 at 5.  We find that, to the extent that the appellant is alleging administrative judge bias, he has not overcome the presumption of honesty and integrity that accompanies administrative adjudicators.  *See, e.g.*, *Tyler v. U.S. Postal Service*, 90 M.S.P.R. 545, ¶ 6 (2002).

proving the Board's jurisdiction by a preponderance of the evidence.[5] 5 C.F.R. § 1201.56(b)(2)(i)(A). If an appellant makes a nonfrivolous allegation that the Board has jurisdiction over his appeal, then he is entitled to a hearing, if he requests one, on the jurisdictional question. *Hurston v. Department of the Army*, 113 M.S.P.R. 34, ¶ 5 (2010).

¶5 To nonfrivolously allege marital status discrimination, an appellant may allege facts showing either that he was treated differently because of his marital status or that go to the essence of his status as a married, single, or divorced person. *Smirne v. Department of the Army*, 115 M.S.P.R. 51, ¶ 8 (2010). An appellant's allegations regarding marital status discrimination must be more than mere conjecture. *Id.* We agree with the administrative judge that the appellant has not alleged that he was treated differently due to his marital status because there was no indication that the appellant would not have been terminated for making inappropriate comments if he had been married. *See* ID at 4. Accordingly, we find that the administrative judge correctly dismissed the appeal for lack of jurisdiction. *See James v. Department of the Army*, 55 M.S.P.R. 124, 127 (1992) (finding that the appellant did not make a nonfrivolous allegation that his termination was based on marital status discrimination).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

---

[5] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.